UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L. BROWN, | No. C 09-00661 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| VICTOR ALEJANDRO CORNU; STATE FARM INSURANCE COMPANY; AND DOES 1 THROUGH 50, | **Re: Plaintiff's Motion to Remand** |
| Defendants. / | |

Plaintiff Jennifer Brown was involved in a rear-end automobile collision with Victor Alejandro Cornu, an uninsured motorist. Plaintiff sought recovery of costs from her insurance company, State Farm Mutual Automobile Insurance Company ("State Farm," erroneously sued as State Farm Insurance Company) under her uninsured motorist policy. Plaintiff alleges that State Farm did not pay the claim or investigate the claim. Plaintiff brought an action in *pro per* in California Superior Court against Cornu for negligence, and against State Farm for breach of contract, breach of good faith and fair dealing, declaratory relief and specific performance to compel arbitration. State Farm removed the action to this court based on diversity jurisdiction, 28 U.S.C. section 1332, and plaintiff filed a motion to remand to California Superior Court. Having considered the parties' submissions and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

Plaintiff Brown is a resident and citizen of California. See Docket No. 1, Def.'s Notice of Removal, ¶ 10 ("Notice of Removal"). State Farm is an insurance company incorporated in Illinois

with its principal place of business in Illinois. Id. On March 13, 2006, plaintiff entered into a written contract of insurance with State Farm. See Docket No. 1, Exh. 1, Complaint, ¶ 12 ("Compl.") and Exh. A (Certificate of Insurance); Docket No. 7, Ellingson Dec., Exh. 1 (copy of insurance policy). The contract was annually renewable and included uninsured motorist coverage.

On September 22, 2006, plaintiff was involved in an automobile collision with Cornu, when Cornu allegedly rear-ended plaintiff's vehicle on the northbound lanes of Highway 880 in Hayward, California. See Docket No. 11, Pl.'s Mot. to Remand, at 16:18-16:23 ("Brown Dec."). Cornu is an uninsured motorist and a resident of Union City, California. Compl., ¶¶ 5-6.

Plaintiff presented an insurance claim for indemnification against loss, damage or liability arising as a result of the accident from State Farm under her uninsured motorist policy coverage, which was in effect at the time of the collision. Id. ¶¶ 15-16. Plaintiff alleges that State Farm has not investigated the claim or paid the claimed amount, despite plaintiff's demands for payment, defense, or indemnification. Id. ¶¶ 16-18.

On September 22, 2008, plaintiff, herself an attorney, brought an action in *pro per* in California Superior Court against defendants Cornu, State Farm and Does 1-50. See Compl. Plaintiff alleges causes of action against State Farm for breach of contract, breach of good faith and fair dealing, declaratory relief and specific performance to compel arbitration. Plaintiff alleges a single cause of action of negligence against Cornu and Does 1-50, as owners of the uninsured motor vehicle. See id. ¶ 6.

On February 13, 2009, State Farm removed the action to this court based on diversity jurisdiction and an amount in controversy exceeding $75,000, pursuant to 28 U.S.C. sections 1332 and 1441(a). See Notice of Removal. On February 18, 2009, State Farm moved to drop and dismiss Cornu as a non-indispensable party and stay the action pending resolution of arbitration. Docket No. 6, Def.'s Mot. to Dismiss. State Farm contended that Cornu should be dropped in order to preserve jurisdiction and that dismissal of Cornu will have no impact on plaintiff's ability to prosecute her claims against Cornu or State Farm.

On March 13, 2009, plaintiff filed a motion to remand the action to California Superior Court. Docket No. 11. Plaintiff argued that Cornu is properly joined as an indispensable party

1  because without Cornu, plaintiff would be left with no legal nexus between plaintiff's injury and
2  State Farm's liability under the uninsured motorist policy coverage. Id. at 6-8.

3  Because a federal court must have jurisdiction over the subject matter before it considers the
4  merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999), the court vacated
5  the hearing date to consider State Farm's motion to drop and dismiss Cornu and stay the action
6  pending resolution of arbitration, in order to first address of plaintiff's motion to remand. See
7  Docket No. 13, Order. On March 27, 2009, plaintiff filed an opposition to State Farm's motion to
8  dismiss Cornu and stay the action pending resolution of arbitration, but did not submit a reply to
9  State Farm's opposition to motion to remand. See Docket No. 14, Pl.'s Memorandum.

## LEGAL STANDARD

### I. Removal

As a general rule, an action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996), citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of proving the propriety of removal. Gaus, 980 F.2d at 566 (citations omitted). If at any time before final judgment the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. See 28 U.S.C. § 1447(c).

### II. Diversity Jurisdiction

A district court has diversity jurisdiction over any civil action where all of the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The burden of establishing that diversity jurisdiction exists, and that an action is removable, rests at all times with the proponent of removal. Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). If the amount of damages sought in a plaintiff's complaint is unclear, the defendant must prove that the jurisdictional amount exists by a preponderance of the evidence. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996). "Mere averment" of the jurisdictional amount is insufficient. Gaus, 980 F.2d at 567. Rather, the court must consider the

3

facts in the removal notice and may require the parties to submit summary-judgment-type evidence in determining the amount in controversy. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The jurisdictional minimum amount may be satisfied by considering claims for special and general damages, attorneys' fees, and punitive damages. See Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

DISCUSSION

I.      Amount in Controversy

To satisfy the amount in controversy requirement in this case, State Farm must demonstrate that the $75,000 minimum amount in controversy under 28 U.S.C. section 1332(a) has been met. Plaintiff's complaint alleges general damages of $25,000 or more, special damages of $25,000 or more, and punitive damages. See Compl. ¶¶ 7-11, 16. Plaintiff's general damages include personal, bodily and emotional injuries, along with property damage. Id. ¶ 7. Plaintiff also alleges damages for medical expenses, loss of income, and other consequential damages. Id. at 18:6-13. Plaintiff's complaint also requests attorneys' fees pursuant to Code of Civil Procedure section 1021.5, and related costs incurred in this action. Id. at 18:22-25. Plaintiff does not, however, allege the specific amount of damages or fees sought, and it is not facially apparent in the complaint whether damages are in excess of $75,000.

The defendant must prove by a preponderance of the evidence that the amount in controversy is satisfied. Gaus, 980 F.2d at 567. This burden is satisfied if the plaintiff alleges in the complaint damages in a sum greater than the jurisdictional requirement. Id. at 566. If the jurisdictional amount in controversy is unclear from the face of the complaint, the court may look upon the pleadings, motions or other papers in the case to determine if defendant has carried its burden of proving removal is proper. See 28 U.S.C. section 1446(b); Sanchez, 102 F.3d at 404 ("in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory minimum].").

4

1    State Farm contends that the amount in controversy is in excess of $75,000, based on
2 plaintiff's claim for medical bills, plaintiff's car and lost wages, which totals $25,500, and for
3 general damages for $25,000 or more, which results in a minimum of $50,500 in damages, not
4 including punitive damages and attorneys' fees.  State Farm contends that plaintiff's attorneys' fees
5 alone will exceed $75,000 because a typical insurance claim requires about 500 hours of attorney
6 work and considering a below market rate of $175 per hour, the minimum amount in controversy
7 would be met in plaintiff's attorneys' fees claim alone.  See Docket No. 16, Ellingson Dec. ¶ 9.
8 State Farm contends that an amount in controversy can be determined by reviewing verdicts, awards
9 and settlements in other factually similar cases and specifically cites cases with damages amounts
10 that far exceed $75,000.  Id., Exhs. 1-5.  State Farm also notes that the uninsured motorist policy's
11 limit is $100,000.  Notice of Removal ¶ 7.

12    Plaintiff argues that the amount in controversy is not met because the total damages do not
13 exceed $75,000.  Although plaintiff's complaint requests "$25,000 or more" for general and special
14 damages, plaintiff now asserts that her medical expenses, vehicle damage and lost wages do not
15 exceed $25,500.  Specifically, plaintiff declares that damages to her vehicle amount to $12,500,
16 medical treatment costs do not exceed $5,000, and lost wages due to her injury do not exceed
17 $8,000.  See Brown Dec. at 16:14-17:22.  Plaintiff also declares that the "case and controversy in
18 this matter on its face does not exceed twenty five thousand dollars."  See Docket No. 11, Pl.'s Mot.
19 to Remand at 5:3-4.

20    Plaintiff acknowledges that the complaint prays for attorneys' fees, but defendant's inclusion
21 of attorneys' fees in the amount-in-controversy calculation is specious.  Defendant well knows, or
22 should, that it is abundantly clear under California law that a pro-se plaintiff, even one who is herself
23 a lawyer, cannot recover attorneys' fees.  The reasons for this are thoroughly explained by the
24 California Supreme Court in Musaelian v. Adams, 45 Cal.4th 512 (2009) and Trope v. Katz, 11
25 Cal.4th 274 (1995); see also Kay v. Ehrler, 299 U.S. 432 (1991) (wherein the United States Supreme
26 Court makes clear that pro se plaintiffs are not entitled to recover attorneys' fees even in civil rights
27 cases).
28

5

1        Finally, with regard to recoverable damages, plaintiff has declared that she will not seek
2 more in recovery than the jurisdictional threshold.  State Farm points to case law where bad faith
3 insurance claims have resulted in high damage awards, but provides no indication of why such cases
4 are particularly similar and thus probatively relevant to plaintiff's claims.  Moreover, the cases cited
5 by State Farm may have had considerations that merited high damage awards, which are not asserted
6 here, such as severe physical injury or extraordinary circumstances.  See, e.g., Amman v. Safeco Ins.
7 Co., 1998 WL 2029951 (Cal. Sup. Ct. 1998) (Where plaintiff's parked car was hit by a van traveling
8 50 miles per hour); Castro v. Midland Risk, 1999 WL 33526368 (Cal. Sup. Ct. 1999) (Where
9 plaintiff was forced to resort to public transportation or borrowing a car for two years while waiting
10 for payment of her claim).

11        State Farm fails to adequately show why punitive damages would be large enough to exceed
12 the jurisdictional minimum.  Plaintiff has not claimed a specific amount of punitive damages for
13 personal injury in her complaint.  The court will not conjecture that the amount in controversy is met
14 here based on State Farm's assertion that large punitive damage awards have been awarded in the
15 past in other bad faith claims against insurers.  Indeed, the court cannot even say that plaintiff will
16 recover any particular amount of punitive damages in this action.

17        In sum, State Farm has failed to establish by a preponderance of the evidence that the amount
18 in controversy will exceed $75,000.

19 II.    Diversity of Citizenship

20        Diversity jurisdiction also requires that the matter in controversy is between citizens of
21 different states.  See 28 U.S.C. § 1332(a).  Both plaintiff and defendant Cornu are residents of
22 California.  Plaintiff joined Cornu as a defendant in the state court action before it was removed to
23 this court, and now State Farm seeks to drop Cornu pursuant to Federal Rule of Civil Procedure 21
24 in order to establish diversity of citizenship.  State Farm argues that Cornu is not an indispensable
25 party pursuant to Federal Rule of Civil Procedure 19.  State Farm also asserts that Cornu has not yet
26 been served in this action.  Plaintiff argues that she would be prejudiced against asserting her claims
27 and would not have an adequate remedy without joinder of Cornu.
28

6

Although the parties have briefed this issue extensively, the court spends little time on this argument because State Farm has not proven that the jurisdictional amount in controversy exists by a preponderance of the evidence and, thus, the court lacks jurisdiction in any event. Cornu may well be an indispensable party; however, there is no need to go through a Rule 19 analysis for the purposes of determining diversity. Cornu need only be a party against whom plaintiff has a claim arising out of the same set of facts alleged in the complaint, in other words, not misjoined nor one against whom plaintiff cannot state any possible cause of action under state law. Indeed, Cornu is properly joined - - a review of the California uninsured motorist statute, Cal.Ins.Code sec. 11580.2, and case law thereunder makes that clear. Plaintiff, the insured, holds a cause of action against Cornu for injuries sustained as a result of his negligence. She may settle with her insurer under her uninsured motorist coverage, but if it fails to cover her claim she still retains a claim against Cornu. If her insurer covers the claim it is subrogated to *plaintiff's claim*, but if it fails to cover her entire claim or her coverage limits are exhausted she still retains the right to sue Cornu. Again, defendant's arguments in this regard are specious and unbecoming a certificated insurer.

Defendant is correct that plaintiff has not yet served defendant Cornu. However, given the lack of removability on the amount-in-controversy grounds, this action must be remanded.

CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** plaintiff's motion to remand. The Clerk of the Court is instructed to transmit forthwith a certified copy of this order to the Clerk of the Superior Court for the County of San Francisco.

IT IS SO ORDERED.

Dated: July 1, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7